## CARLL'S APPEAL FROM PROBATE

Superior Court        New Haven County        File No. 64104

MEMORANDUM FILED MARCH 16, 1944.

*Franklin Coeller*, of New Haven, for the Appellants.

*George W. Crawford*, of New Haven, for the Appellee.

O'SULLIVAN, J.   This is an appeal from the decree of the Probate Court for the District of New Haven, accepting and allowing the administration account of Muriel E. Alling, administratrix on the estate of Frank D. Alling, the deceased executor of the will of Florence M. Carll.   Miss Alling filed the account in conformity with the statutory provision that "whenever an executor....shall die before completing and accounting for his trust, the executor or administrator of such decedent shall settle the account of such decedent in the court of probate."   (Gen. Stat. [1930] §4976.)

The account is questioned with reference to three matters. One of them is concerned with an item listed in the account as "Correction in inventory of New Haven Bank, N.B.A., balance to conform to correct balance as per conservator's account — $1,075." The item is proper.   It adjusts the inven-

tory to show the true value of the estate coming into the executor's possession.

Another objection is directed towards certain credits the administratrix was permitted to take, which credits arose out of the payment of the executor for various policies of insurance issued to protect the estate against fire loss and tort liability. It appears that Mr. Alling was an insurance broker and in that capacity wrote the various policies for which he received commissions amounting to $75.27. Had he obtained them from other sources, the estate would have paid exactly the same sums with which he charged it.

It is urged that the administratrix should debit herself with the amount of these commissions on the theory that her decedent secretly profited at the expense of the estate he was administering. There can, of course, be no question as to the general rule that an executor must not profit by the use of **the trust funds in his keeping.** But the situation here does not make the rule applicable. Mr. Alling stood in two unrelated positions, those of insurance broker and executor. He did not write the insurance as the latter but as the former, a position wholly apart from and unrelated to his duties as executor. *Hayward vs. Plant,* 98 Conn. 374, 391. No question of bad faith was involved and the estate has not been harmed. The administratrix is entitled to the full credits she claims for the cost of the policies.

The final objection to the account centers on the executor's compensation as fixed by the Probate Court, it being urged that the amount is unreasonable. The claim to the contrary notwithstanding, the Superior Court cannot, on appeal, fix a fee which it deems proper. It may go no further than to determine whether or not the Probate Court abused its discretion. The extent of the court's power is analogous to that available in appeals from administrative boards. Where, as in setting the amount of a fee, the Probate Court is vested with a discretion, an aggrieved person may not by-pass that primary jurisdiction by the process of appeal for the purpose of having the appellate trier substitute its judgment for that of the inferior court. While the Superior Court hears evidence, it uses it to test the action of the Probate Court in its search for possible arbitrariness. In short, it merely reviews the exercise of discretion to ascertain whether the Probate Court acted reasonably and legally. *Carroll vs. Arnold,* 107 Conn.

535, 542; *Reiley vs. Healey,* 122 *id.* 64, 79; *First National Bank & Trust Co. vs. McCoy,* 124 *id.* 111, 115; *Haverin vs. Welch,* 129 *id.* 309.

*Hayward vs. Plant,* 98 Conn. 374, is not opposed to the foregoing. In that case, an appeal was taken from a decree of a Probate Court fixing fees for the executors of the will of Morton F. Plant. The Superior Court decided what the fees should be. It should be noted, however, that the parties agreed that the Superior Court should fix the compensation of the executors from their appointment to the date of trial, a period of about three years (p. 377). In view of this stipulation, the court properly undertook to so something which otherwise would have been beyond its power.

It will serve no purpose to detail the activities of the deceased executor. It will suffice to say that his services were devoted to many matters not usually encountered in the settlement of the average estate. Considering the size of the estate, the responsibilities involved, the character of the work required, the special problems and difficulties met in doing the work, the results achieved, the knowledge, skill and judgment required of and used by the executor, the manner anr promptitude with which he carried on the settlement of the estate until his death, and the time required, the Probate Court did not fix a fee which was unreasonable in the light of all the circumstances.

Accordingly, the appeal is dismissed.